IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEVEN LINTON GRIFFITH,            )
                                    )
    Petitioner,                     )   Case No.: 2:13-CV-169-RJL-MCLC
                                    )
v.                                  )
                                    )
SHARON TAYLOR, Warden,              )
                                    )
    Respondent.                     )

## MEMORANDUM AND ORDER

Acting pro se, Steven Griffith ("Petitioner"), an inmate in the Northeast Correctional Complex, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement pursuant to the 2008 judgment issued by the Sullivan County, Tennessee Criminal Court [Doc. 2]. A jury convicted Petitioner of two Class A felonies for both the sale and the delivery of cocaine within 1,000 feet of a school zone, and he is serving an effective sentence of twenty years' imprisonment for these crimes.

Warden Sharon Taylor has submitted an answer to the petition, which is supported by copies of the state court record [*see* Doc. 8]. Petitioner has replied to the Warden's answer, and thus the case is ripe for disposition [Doc. 12].

### I. PROCEDURAL HISTORY

Petitioner's judgment was affirmed on direct appeal by the Tennessee Court of Criminal Appeals ("TCCA") and the Tennessee Supreme Court denied him further direct appeal. *State v. Steve Griffith*, No. E2008-01962-CCA-R3-CD, 2009 WL 1956713 (Tenn. Crim. App. Jul. 8, 2009) *perm. app. denied* (Tenn. Dec. 14, 2009). Petitioner's application for post-conviction

relief was denied by the state courts, *Griffith v. State*, No. E2011-01506-CCA-R3-PC, 2012 WL 4551621 (Tenn. Crim. App. Oct. 3, 2012) *perm. app. denied* (Tenn. Mar. 5, 2013), and he then brought this timely habeas corpus application in this Court.

## II. BACKGROUND

The facts surrounding Petitioner's convictions were recited by the TCCA in its opinion on direct review.

> Petitioner's conviction was based on a controlled drug sale to an informant that occurred near Saint Dominique Catholic School, a private elementary school in Kingsport. The police provided the informant with $100 to buy the cocaine and maintained visual surveillance of her awaiting the delivery of cocaine. The transaction was observed by authorities and videotaped. Petitioner was identified by authorities from his voice on the audio component of the videotape. Petitioner's statement was introduced at trial. He told authorities:
>
>> On the date in question Sonna Lastis and I were at Sue Edwards'. She got a call for some crack cocaine. She asked if I would deliver crack cocaine to a fat girl waiting at the Laundromat on Fort Henry Drive near Garden Apartments. Sonna Lastis and I went there. I drove Tad's truck. When we got there we met with a fat girl. Sonna handed the girl the crack cocaine and the girl paid us money. I took the money and took it back to Sue. The only payment Sue ever game me for making deliveries for her was gas for my car, food, and she let me live with her for a while.

*Griffith*, 2012 WL 4551621. On this evidence, the jury convicted Petitioner of both the sale and delivery of one-half (0.5) grams of cocaine, both within 1,000 feet of a school.

## III. DISCUSSION

Petitioner raises an ineffective assistance of counsel claim along with a claim that the evidence was insufficient to sustain his conviction. Within his claim of ineffective assistance of counsel, Petitioner asserts (1) Counsel did not spend adequate time with Petitioner in preparation for the case; (2) Counsel failed to file a motion to suppress; (3) Counsel made improper comments during voir dire that prejudiced the defense and improperly shifted the burden of

proof; (4) Counsel demonstrated a misunderstanding of the missing witness rule; (5) Counsel improperly admitted Petitioner's guilt at trial; and (6) Counsel failed to adequately explain the plea offer to Petitioner.

The Warden argues, in his response, that although Petitioner has properly exhausted his ineffective assistance of counsel claims numbered 1, 3, 4, and 6, and properly exhausted his claim of insufficiency of evidence to sustain a conviction, Petitioner has not properly exhausted his ineffective assistance of counsel claims numbered 2 and 5, which were not adjudicated on the merits in state courts [Doc. 6 p. 2].

The Court agrees with Respondent Warden and, for the reasons which follow, will **DENY** the petition and **DISMISS** this case.

### A.     Claim 1- Ineffective Assistance of Counsel

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. IV.  A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that renders the result unreliable.

*Id.*  As with any other claim under § 2254, the burden of proving ineffective assistance of counsel is on the movant.  *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Second, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Moss v. United States,* 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 454-55 (quoting *Strickland,* 466 U.S. at 694). A petitioner must demonstrate that, due to counsel's deficient performance, there was a "breakdown in the adversary process that rendered the result of the proceeding unreliable." *Id*. (quoting *Bell v. Cone*, 535 U.S. 685 (2002)). Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### 1. Procedurally Defaulted Claims

Respondent argues that sub-claims 1 and 5, asserting ineffective assistance of counsel due to failure to file a motion to suppress and improperly admitting Petitioner's guilt at trial, are procedurally defaulted and barred from review.

Procedural default is an extension of the exhaustion doctrine. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default although (they) 'are similar in purpose and design and implicate similar concerns.'" (quoting *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 7 (1992)).

A federal court cannot grant a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. The exhaustion rule requires total exhaustion of state remedies, *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (stating that "a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief"), meaning that a petitioner must have fairly presented each claim for disposition to all levels of appropriate state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

Indeed, to exhaust state remedies, a petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state which he claims is wrongfully confining him. *Picard v. Connor*, 404 U.S. at 276 ("The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard*, 404 U.S. at 271). A claim must also be offered on a federal constitutional basis- not merely as one arising under state law. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (citing *Riggins v. McMackin*, 935 F.2d 790, 792-93 (6th Cir. 1991)). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust*, 17 F.3d at 160.

5

A prisoner who has failed to present a federal claim to all levels of the state courts and who is now barred by a state procedural rule from returning with his claim to those courts has committed a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Federal review of a procedurally defaulted claim is foreclosed, unless the habeas petitioner shows cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* Cause can be shown where interference by state officials has rendered compliance with the rule impracticable, where counsel rendered ineffective assistance in violation of the prisoner's right under the Sixth Amendment, or where the legal or factual basis of a claim is not reasonably available at the time of the procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986). A petitioner demonstrates prejudice by establishing that the constitutional error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Although Petitioner acknowledges procedural default of sub-claims 1 and 5, he contends that pursuant to the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), his claim should be excused from procedural default because his post-conviction counsel was ineffective for failing to raise these claims. *Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991). The general rule from *Coleman* states that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. *Id.* at 756-57. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an

6

initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel, if in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal . . ." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit subsequently ruled this exception applicable to Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795-96 (6th Cir. 2014).

Under *Martinez*, a petitioner may establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. *See Martinez*, 132 S. Ct. at 1320. This holding does not dispense with the "actual prejudice" requirement of *Coleman*; as such, a petitioner must "'show that his post-conviction counsel was ineffective under *Strickland v. Washington*.' That is, the petitioner must show both that his post-conviction counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." *Thorne v. Hollway*, No. 3:14-CV-0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 376 (9th Cir. 2014).

In addition, relief under *Martinez* requires a showing of a substantial underlying claim of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1318-19. This showing, as with the showing for post-conviction counsel, must meet the requirements of *Strickland*. *See id*. Under *Strickland*, a petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the

7

result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The "actual prejudice" requirement of *Coleman* and the prejudice requirement of *Strickland* overlap such that "in many habeas cases seeking to overcome procedural default under *Martinez*, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was 'substantial' enough to satisfy the 'actual prejudice' prong of *Coleman*." *Hollway*, 2014 WL 4411680, at *23.

### a. Claims 2 and 5

Petitioner asserts his trial counsel was ineffective for failing to file a motion to suppress his signed confession [Claim 1] and for admitting guilt during opening statements without Petitioner's consent [Claim 5]. Petitioner agrees with the Court that these claims were not properly raised in his petition for post-conviction relief, but argues that he is entitled to relief under *Martinez* because his post-conviction counsel was ineffective for failing to raise these claims on appeal [Doc. 2 p. 6]. Petitioner states that, through the fault of his post-conviction counsel, the amended petition, which contained these claims, was not properly verified. As stated, to find relief under *Martinez*, a showing of a substantial underlying claim of ineffective assistance of trial counsel is needed. Based on the requirements of *Strickland*, this Court finds that Petitioner's claims fail to demonstrate that the result of the proceedings would have been different but for counsel's alleged error. Because Petitioner's underlying ineffective assistance of trial counsel claim is without merit, he is unable to excuse TCCA's finding of procedural default through *Martinez*.

Respondent argues, and this Court agrees, that it has been determined "that the statement Petitioner wanted his trial counsel to try to suppress was given voluntarily and, that even if the statement had been excluded, there was no prejudicial effect from its inclusion due to the

8

incriminating nature of a video of the drug transaction presented to the jury" [Doc. 6 p. 18] (citing Addendum 3, Technical Record at pp. 42-43, Post-conviction Order at pp. 7-8). The surveillance video of the drug transaction, and the ability of authorities to identify Petitioner from his voice on the audio component of the videotape, was found by the post-conviction court to be enough evidence to determine that a motion to suppress Petitioner's confession would not have been successful. Because no prejudice was found, this claim fails under *Martinez*, and TCCA's finding of procedural default stands.

Similarly, this Court further finds that trial counsel's opening remarks also fail to satisfy the necessary findings to proceed under the *Martinez exception*. Here, unlike Petitioner's claim regarding failure to file a motion to suppress, TCCA did not address this claim on its merits. However, the post-conviction hearing concluded that the trial counsel was not deficient because his remarks during opening statements were part of his trial strategy. *Griffith*, 2012 WL 4551621, at *2. As stated, counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted). Trial counsel defended his statements by testifying during the post-conviction hearing trial that the reason for including admissions during opening statements was to try to get the jury to consider a lesser included offense. *Griffith*, 2012 WL 4551621, at *2. Counsel commented that there was no denying Petitioner was the person on the tape. *Id*. Counsel recalled that Petitioner admitted his involvement in the offense including receiving money, driving to meet the informant, and

9

weighing the cocaine. *Id*. Thus, Counsel made the strategic decision to try to present Petitioner as playing a minor role in the drug transaction at issue. *Id*. This Court finds the substance included in Counsel's opening statements appears to have been reasonable trial strategy and not a result of ineffectiveness on the part of Counsel.

Therefore, federal review of these claims is barred by Petitioner's unexcused procedural default.

### 2. Remaining Ineffective Assistance of Counsel Claims

#### a. Claim 1: Inadequate preparation for the case

Petitioner alleges that Counsel did not spend adequate time with Petitioner in preparation for the case, and he maintains that he was neither advised nor educated about the difference between concurrent and consecutive sentencing, the possible penalties for lesser included offenses, or the right to testify and the impact of that decision on trial strategy [Doc. 2 p. 5]. TCCA rejected this claim and found as follows:

> "The testimony at the post-conviction hearing indicated that counsel met with Petitioner several times prior to trial for nearly five hours, providing him with discovery materials once they were received. Petitioner claimed that he did not see the videotape of the transaction and had no knowledge about trial or sentencing procedures. The post-conviction court accredited the testimony of trial counsel with regard to the issue. Petitioner has failed to show he received ineffective assistance of counsel due to an alleged lack of time spent with trial counsel prior to trial."

*Griffith*, 2012 WL 4551621, at *4.

Trial counsel stated that they discussed discovery matters and strategy, and Petitioner elected not to testify at trial. As stated, the post-conviction court specifically accredited this testimony of trial counsel. Petitioner states that Counsel advised him not to take the stand "due to the likelihood of him admitting to the charged offenses and probably more" [Doc. 12 p. 4]. In *United States v. Stover*, 474 F.3d 904 (6th Cir. 2007), the Sixth Circuit stated:

> Although the ultimate decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed. *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) . . . . Barring any statements or action from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to *sua sponte* address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor insure that the defendant has waived the right on the record. *Joelson*, 7 F.3d at 177. *See also United States v. Ortiz*, 82 F.3d 1066, 1069 n. 8 (D.C. Cir. 1996) (noting the agreement of the First, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits that the trial court does not have a duty to *sua sponte* conduct an on-the-record colloquy regarding waiver) . . . .
>
> A defendant who wants to testify can reject defense counsel's advice to the contrary by insisting on testifying, communicating with the trial court, or discharging counsel. *Joelson*, 7 F.3d at 177. At base, a defendant must "alert the trial court" that he desires to testify or if there is a disagreement with defense counsel regarding whether he should take the stand. *Pelzer [v. United States*, 105 F.3d 659 (Table), 1997 WL 12125, at * 2 (6th Cir. Jan. 13, 1997) (unpublished)]. When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Joelson*, 7 F.3d at 177.

*Stover*, 474 F.3d at 908-09 (quoting *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000)).

Griffith did nothing to alert the court to his desire to testify. Furthermore, *Momon* hearing was even held outside the presence of the jury, during which "Petitioner knowingly and intelligently waived his right to testify" *Griffith, 2009 WL* 1956713, at *5. Although Petitioner now seeks to disavow his decision not to testify, he will not be permitted to do so. "[S]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and the Court is entitled to rely on those statements and the testimony of trial counsel.

Based on the evidence in the record, the court's determination as to this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts in light of the evidence. This issue is without merit.

11

### b. Claim 3: Improper comments during vior dire

Petitioner argues that Counsel's performance during voir dire was wholly inadequate and ineffective [Doc. 12 p. 10]. In his claim of ineffectiveness, Petitioner specifically

> ". . . complains that trial counsel commented that he wanted people that were on Petitioner's side and the State's attorney wanted people that were on his side. The State objected to the comment, and the trial court sustained the objection. The post-conviction court determined that even though the comment was inappropriate, the jury was instructed not to consider the comment so the comment did not prejudice Petitioner."

*Griffith*, 2012 WL 4551621, at *4.

As with TCCA, this Court finds that Petitioner failed to establish any prejudice resulted from Counsel's comments during voir dire. The judge gave the specific instructions to the jury to disregard Counsel's statements, and the Constitution does not require anything more, as a jury is presumed to follow its instructions, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Petitioner has failed to present anything in the record to show a reasonably likelihood that the jury ignored the judge's orders and considered Counsel's statements causing prejudice. Without such a showing, this claim is without merit.

### c. Claim 4: Misunderstanding of the missing witness rule

Petitioner claims that Counsel did not understand the missing witness rule and improperly commented during voir dire by naming the witness that the State would not be calling at trial that were on the witness list [Doc. 12 p. 11]. Respondent asserts that this claim was not unreasonably denied by the TCCA either on direct appeal or on post-conviction review. [Doc. 6 p. 20].

During trial, the judge sustained the State's objection to Counsel's statement of their decision not to call certain witnesses. *Griffith*, 2012 WL 4551621, at *5. Thereafter, Petitioner

claims Counsel continued with his voir dire "demonstrating his misunderstanding of the missing witness rule" and failing "to adequately question the jury pool regarding their knowledge of the potential witnesses that could be called by the state" [Doc. 12 p. 12].

On direct appeal, TCCA found no reversible error arising from counsel's comments or the trial court's ruling. *Id.* This Court finds that Petitioner has failed to provide any evidence in the record that conflicts with TCCA's finding. Counsel admittedly testified that he "inartfully" attempted to raise [this issue] with regard to missing witnesses during voir dire. *Griffith*, 2012 WL 4551621, at *5. However, Counsel insists that he was able to clarify his objection for the record. *Id.* Petitioner's citation to the trial transcript and the conversation between Counsel and judge fails to demonstrate to this Court any prejudice resulted from Counsel's alleged misunderstanding. Thus, TCCA's determination as to this claim was not contrary to, or an unreasonable application of, clearly established federal law. Nor was TCCA's decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, this claim is dismissed.

### d. Claim 6: Failed to adequately explain the plea offer

Petitioner claims that Counsel was ineffective in communicating the sentencing plea offers. [Doc. 2 p. 10]. TCCA denied this claim for the following reason.

> The post-conviction court noted that after the verdict but prior to sentencing there was an offer of fifteen years if Petitioner agreed to plead to other charges. Trial counsel recalled that the offer was really of no benefit to Petitioner at his age at the time of trial but that he relayed the offer to Petitioner nonetheless. The post-conviction court determined that there was also some discussion in open court about the offer. Therefore, Petitioner has not shown a lack of understanding regarding sentencing offers.

*Griffith*, 2012 WL 4551621, at *5.

13

Although it is true that a defense attorney's failure to notify his client of a prosecutor's plea offer constitutes defective performance, for purpose of claim for ineffective assistance of counsel under the Sixth Amendment, *Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003), here, the record shows, and the post-conviction court makes note of testimony by Counsel that, even though he did not see a benefit to the plea offer, "he relayed the offer to Petitioner nonetheless" *Griffith*, 2012 WL 4551621, at *5. The record further indicates TCCA's decision was also based on the determination that there was some discussion in open court about the offer. *Id*.

Petitioner questions the trial court's finding of fact and conclusions of law in regard to this issue [Doc. 12 p. 17]. He argues that there is "no valid defensible reason" for him to have rejected the State's offer had it been relayed and explained to him by his trial counsel because the offer was the "absolute legal minimum" Petitioner could have received at the sentencing hearing [*Id*.]. Petitioner asserts that had the offer been relayed and explained to him by Counsel he would have accepted it and thus received a lower sentence [*Id*. at 18].

Based on Counsel's testimony and the discussion of the plea offer in Petitioner's presence during the sentencing hearing, this Court finds that the record supports the post-conviction court's determination that the Petitioner failed to carry his burden of establishing the deficiency and prejudice prongs required to prevail on an ineffective assistance of counsel claim. The sentencing transcript shows not only discussion on the topic but also that Counsel requested the Court break for lunch to further discuss sentencing plea offers from the State with Petitioner. The Court notes that assertions of "ineffective assistance of counsel under Strickland have a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). "[W]hen a federal court reviews an ineffective-assistance claim brought by a state prisoner, the question is not simply whether counsel's actions were reasonable, 'but whether there is any reasonable

14

argument that counsel satisfied Strickland's deferential standard.'" *McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). Given the double deference owed to the state court's conclusion and given this record and the evidence contained therein, this Court finds in accordance with TCCA that Counsel was not ineffective for failing to discuss a plea offer with Petitioner.

### B. Claim 2- Insufficient Evidence

Petitioner asserts that there was not sufficient evidence to sustain his conviction for sale and delivery of cocaine within 1,000 feet of a school zone [Doc. 2 p. 11]. The main thrust of his challenge to the evidentiary sufficiency on this conviction is that the State Court's primary evidence was the confession that Counsel should have moved to suppress [*Id.*]. Petitioner argues that, without the confession, the evidence contained in the record is insufficient to sustain his conviction [*Id.*]. He also claims that the video presented by the State during trial failed to show Petitioner participated in the sale of crack cocaine, the State offered no other evidence at trial implicating Petitioner in the drug sale, and no witness was able to physically identify Petitioner in the video [Doc. 12 p. 20]. Petitioner insists that "the record is void of corroborative evidence sufficiently inculpatory [sic] in nature" [*Id.*].

When this claim was carried to the TCCA, it cited to *Jackson v. Virginia*, 443 U.S. 307 (1979), for its rule that evidence is sufficient to convict if, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffith*, 2009WL 1956713, at *2 (citing *Jackson*, 443 U.S. at 319).

The TCCA approached its analysis of the claim by setting forth the elements of the statute of conviction, which provided that: "[i]t is an offense for a defendant to knowingly

15

deliver or sell a controlled substance." *State v. Griffith*, No. 2009 WL 1956713, at *2 (Tenn. Crim. App. Jul. 8, 2009) (quoting Tenn. Code. Ann. § 39-17-417(a)). The TCCA then stated that a "[v]iolation of subsection 39-17-417(a) 'is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine'" (*Id.* (quoting Tenn. Code Ann. § 39-17-417(c)(1)) and a "violation of Code section 39-17-417 'that occurs on the grounds or facilities of any school or within one thousand feet (1,000) of the real property that comprises a public or private school . . . shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) . . .'" *Id.* (quoting Tenn. Code Ann. § 39-17-432(b)(1)).

The TCCA noted that "[a] defendant's guilt of an offense may be predicated upon his criminal responsibility for the primary act of another when the defendant, '[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, . . . solicits, directs, aids, or attempts to aid another person to commit the offense." *Id.* (quoting Tenn. Code. Ann. § 39-11-420(2)). Thus, the TCCA held that there was sufficient convicting evidence to satisfy the statutory elements based on Petitioner's confession along with the video. *Id.* The TCCA concluded that the claim was meritless.

The controlling rule for resolving a claim of insufficient evidence is contained in *Jackson v. Virginia*. *See Gall v. Parker*, 231 F.3d 265, 287-88 (6th Cir. 2000) (commenting that *Jackson* is the governing precedent for claims of insufficient evidence.), *superseded by statute on other grounds as recognized by Parker v. Matthews*, 132 S. Ct. 2148 (2012). In *Jackson*, the Supreme Court held that evidence, when viewed in the light most favorable to the prosecution, is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. Resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from the facts are all matters which lie within the

16

province of the trier of fact. *Id*. at 319; *Cavazos v. Smith*, 132 S. Ct. 2, 6 (2011) ("[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume- even if it does not affirmatively appear in the record- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" (quoting *Jackson*, 443 U.S. at 326)).

A habeas court reviewing an insufficient-evidence claim must apply two levels of deference. *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007). Under *Jackson*, deference is owed to the fact finder's verdict, "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (quoting *Jackson*, 443 U.S. at 324 n.16). Under AEDPA, deference is also owed to the state court's consideration of the trier-of-fact's verdict. *Cavazos*, 132 S. Ct. at 6 (noting the double deference owed "to state court decisions required by § 2254(d)" and "to the state court's already deferential review"). Hence, a petitioner "bears a heavy burden" when insufficient of the evidence is claimed. *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986).

The record comprises testimony by Officer Tim Horne regarding his visual surveillance of the drug transaction and a video recording of the transaction recorded by a camera secreted on the informant. Although the video did not show Petitioner exchanging either drugs or money with the female passenger in the truck, an audio recording of the transaction revealed a male in the vehicle commenting on the transaction that was recognized as Petitioner. By identifying his voice, the video depicts Petitioner driving the truck accompanied by a female and delivering .7 grams of cocaine base to a police informant in exchange for $100. Through the video, it was also evident that the drug transaction occurred within 1,000 feet of a school. In addition to the recording, Petitioner provided a confession stating that he, along with a female, transported and

17

sold cocaine to a person waiting near the Laundromat in Kingsport. He admitted that the delivery and sale were executed on the order of Sue Edwards, who compensated him for his involvement by paying for gas and food.

Nothing Petitioner has presented to this Court demonstrates that the TCCA unreasonably determined that the evidence presented to the jury was sufficient to sustain his cocaine-related conviction. Indeed, given the double deference owed to the state court's conclusion and given this record and the evidence contained therein, this Court now finds that the state court's application of *Jackson* to the facts of Petitioner's case was not unreasonable and that its decision was not based on unreasonable factual determination.

No writ will issue with respect to this claim.

## IV. Conclusion

For the above reasons, this pro se state prisoner's application for a writ of habeas corpus will be **DENIED** and this case will be **DISMISSED.**

## V. Certificate of Appealability

Finally, the Court must consider whether to issue a certificate of appealability (COA). A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of a court's procedural rulings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Where claims have been dismissed on their merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

After having reviewed the claims and in view of the law upon which is based the dismissal on the merits of the adjudicated claims and the procedural rules which warrant the dismissal of the other claims, reasonable jurors would neither debate the correctness of the Court's procedural rulings nor its assessment of the claims. *Id*. Because reasonable jurists could not disagree with the resolution of these claims and could not conclude that they "are adequate to deserve encouragement proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL FOLLOW.**

ENTER:

                                                              __s/Leon Jordan_____
                                                              United States District Judge

19

Case 2:13-cv-00169-RLJ-MCLC   Document 20   Filed 10/05/16   Page 19 of 19   PageID #: 136